# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

SHANNON BREWSTER,
Individually, and as Administratrix of the
ESTATE OF ALAN E. BREWSTER,

    Plaintiff,

v.

LARRY E STRICKLAND TRUCKING LLC,
an Ohio Limited Liability Company,
LARRY STRICKLAND LOGGING, L.L.C.
an Ohio Limited Liability Company, and
STRICKLAND FOREST PRODUCTS, LLC
an Ohio Limited Liability Company,

    Defendants.

Civil Action No.: 2:24-cv-00096

## COMPLAINT

**NOW COMES** Plaintiff Shannon Brewster, individually and as Administratrix of the Estate of Alan E. Brewster, and, for her *Complaint* against the Defendants, alleges as follows:

## PARTIES

1. Plaintiff Shannon Brewster is a citizen and resident of Belle, Kanawha County, West Virginia, and is decedent Alan E. Brewster's spouse. On or about August 8, 2022, Plaintiff was appointed as Administratrix of the Estate of Alan E. Brewster by the Kanawha County Commission. *See Letter of Administration*, attached hereto as **Exhibit A**.

2. Defendant Larry E Strickland Trucking LLC ("LST") is an Ohio limited liability company with all members and managers residing in Oak Hill, Jackson County, Ohio. At all relevant times, LST conducted business in West Virginia for well in excess of thirty (30) days per calendar year as a trucking company focusing, upon information and belief, on hauling timber and, as such, was subject to the jurisdiction of the federal Occupational Safety and Health

Administration (hereinafter "OSHA"), regulations of the United States Department of Transportation ("USDOT") and affiliated state regulators. At all relevant times, Trucking was decedent Alan E. Brewster's ("Mr. Brewster") employer within the meaning of West Virginia law.

3. Defendant Larry Strickland Logging, L.L.C. ("LSL") is an Ohio limited liability company with all members and managers residing in Oak Hill, Jackson County, Ohio. At all relevant times, LSL conducted business in West Virginia for well in excess of thirty (30) days per calendar year as a logging company and, as such, was subject to OSHA's jurisdiction as well as that of the West Virginia Division of Forestry ("WVDOF"). At all relevant times, LSL was operating a logging site in Wirt County, West Virginia, from which Mr. Brewster was to haul timber to offsite locations.

4. Defendant Strickland Forest Products, LLC ("SFP") is an Ohio limited liability company with all members and managers residing in Oak Hill, Jackson County, Ohio. At all relevant times, Logging conducted business in West Virginia for well in excess of thirty (30) days per calendar year as a service provider, and further provided equipment and vehicles for use by LST and LSL. SFP, collectively with LST and LSL, shall hereinafter be referred to as the "Strickland Companies."

## JURISDICTION AND VENUE

5. This Court retains personal jurisdiction over all of the Defendants pursuant to W. Va. Code § 56-3-33, W. Va. Code § 31D-15-1510 and/or W. Va. Code § 31B-1-111 because all Defendants transact business in the southern district of West Virginia, caused tortious injury in West Virginia by acts within West Virginia, and caused tortious injury in West Virginia by acts outside of West Virginia while deriving substantial revenue from goods used or consumed, or services rendered, in West Virginia.

6. Venue is proper in the United States District Court for the Southern District of West Virginia, at Charleston, pursuant to 28 U.S.C. § 1391(a) as the incident and death giving rise to this matter occurred in Wirt County, West Virgina, which is within this judicial district.

## FACTUAL BACKGROUND

7. The Strickland Companies are all owned and operated by Larry Strickland, with assistance from other family members such as Zona Strickland and Levi Strickland. However, each of the Strickland Companies is a separate and distinct legal entity for purposes of employment and liability. At no point at issue was the plaintiff's decedent ever an employee of defendants LSL or SFP.

8. Each of the Strickland Companies served a separate role in the Strickland business enterprise, relatively predictable by name: (1) Logging would conduct logging operations, including for more than 30 calendar days in any 365-day period, in West Virginia; (2) Forest would provide equipment and support and oversight services to LSL and LST and arrange for the transport and sale of the timber harvested; and, (3) LST would transport the harvested timber to offsite locations.

9. On or about May 17, 2022, LSL was performing logging operations at a site in Wirt County, West Virginia (the "Site"). On that day, LSL had filled a Pitts trailer with logs that was ready to be hauled to an offsite location. Notably, the Pitts trailer was labeled with a West Virginia motorcycle vehicle inspection tag. The trailer was loaded and placed for pickup by entities other than LST, namely LSL and/or SFP.

10. Mr. Brewster arrived on site operating an LST tractor to attach to and haul the subject Pitts trailer previously loaded with timber. Prior to doing so, however, Mr. Brewster performed a pre-run check to ensure that the tractor and trailer are in proper working order. During

that check, upon information and belief, Mr. Brewster discovered that a rear outer SuperCarge SC05 tire (the "Tire") on the Pitts trailer was not properly inflated.

11.     Per LST and SFP policy, Mr. Brewster prepared to use a Quincy compressor ("Compressor") provided and equipped on a service truck (the "Service Truck") owned and operated by Defendant SFP.  This service truck and the attendant compressor were provided by SFP for LST employees to use to inflate the tires.  Though it was LST policy to allow drivers to inflate tires as part of a pre-run check, no defendant provided any training to Mr. Brewster regarding inflating tires and, indeed, admitted to OSHA personnel that it did not know any OSHA standards regarding tires (in violation of 29 CFR § 1910.177(c)(1)).  Likewise, despite owning and providing the compressor and attached hose for use, no person from SFP ensured that invitees or others such as employees of LST were properly trained and competent to safely use the SFP compressor and air hose.

12.     Unbeknownst to Mr. Brewster, the Compressor on the subject service truck was not equipped with either a clip-on chuck or an inline valve, pressure gauge or pre-settable regulator—all devices designed and intended to prevent accidental overinflation of tires and to prevent exposure to a risk of injury while inflating tires.  Additionally, the Compressor lacked a nozzle of adequate length that would permit Mr. Brewster to be a safer distance from the tire being inflated, thus forcing Mr. Brewster to hold the chuck in place on the tire being inflated (in violation of 29 CFR § 1910.177(g)(8)).  Such devices are usually available, including on the drivers' trucks, to prevent overinflation and are expected by the drivers on inflation equipment.  Finally, the Compressor was set to inflate to 150 psi, despite the Tire having a max load of 105 psi.

13.     As Mr. Brewster inflated the subject tire, the tire became overinflated, a fact that Mr. Brewster could not know due to the lack of an in-line valve, pressure gauge or other regulatory

4

device. The tire ruptured at the tire rim, causing a pressurized burst of air to strike Mr. Brewster, launching him approximately 10 feet away from the Tire and ripping the bill off of his hat.

14. After this incident, Levi Strickland, believed to be a principle or agent of LSL and/or SFP, arrived and saw Mr. Brewster with blood coming out of his nose and mouth. As Mr. Brewster was being transported for medical attention, his breathing became irregular, and his pulse became weak. Though CPR was attempted, Mr. Brewster passed away miles before arrival at a medical facility.

15. As a direct and proximate result of Defendants' acts and/or omissions which caused the wrongful death of Mr. Brewster, Defendants are liable to Plaintiff for all damages, including but not limited to:

   a. Damages for Mr. Brewster's pain and suffering from the time of his injury to his death pursuant to W. Va. Code § 55-7-8;

   b. sorrow, mental anguish, and solace which may include Mr. Brewster's society, companionship, comfort, guidance, kindly offices and advice;

   c. compensation for Mr. Brewster's reasonably expected loss of income and earning capacity;

   d. reasonable funeral expenses; and,

   e. other expenses incurred as a result of his wrongful death.

### COUNT I
**(*Prima Facie* Negligence / Unsafe Workplace – Larry E Strickland Trucking LLC ("LST"))**

16. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

17. At all relevant times, LST was Mr. Brewster's employer. During the course and scope of that employment, Mr. Brewster had worked more than thirty (30) calendar days in the

365-day period preceding his death, rendering him a non-temporary employee under West Virginia law.

18. As such, West Virginia workers' compensation law required that Mr. Brewster be covered under a West Virginia workers' compensation policy unless Mr. Brewster entered into an agreement with Trucking to decline that coverage as described in W. Va. C.S.R. § 85-8-7.4. *See* W. Va. C.S.R. § 85-8-7.2.

19. Mr. Brewster never entered into any agreement with Trucking to waive his right to West Virginia workers' compensation because Trucking did not hold West Virginia workers' compensation coverage at the time of Mr. Brewster's incident and death.

20. Upon information and belief, Mr. Brewster never entered into any agreement with Trucking to waive a right to West Virginia workers' compensation benefit because, upon information and belief, Trucking never held West Virginia workers' compensation coverage. As a result, Trucking has waived any and all immunities or defenses afforded to employers under the West Virginia workers' compensation act and has likewise waived all affirmative defenses as set forth in West Virginia Code §23-2-8; see also *State ex re. Frazier v. Hrko*, 203 W. Va. 652, 510 S.E.2d 486.

21. At all relevant times, LST had a non-delegable duty to provide Plaintiff with a safe workplace environment, proper training and to provide for the exercise of ordinary care for the safety of all employees so as to not expose them to unnecessary hazards.

22. LST knowingly, recklessly and/or negligently breached this non-delegable duty by, among other things,

    a. failing to provide Mr. Brewster training on proper tire inflation, the hazards associated with the task or recognizing the need for, and absence of, safety guards and devices in violation of 29 CFR § 1910.177(c)(1);

6

    b. failing to ensure that employees, including Mr. Brewster, were properly outside the trajectory of a potential pressure release while inflating the tire on a single piece rim wheel in violation of 29 CFR § 1910.177(g)(8);

    c. failing to provide employees with, and/or ensure the use of, a clip-on chuck while inflating tires on rim wheels in violation of 29 CFR § 1910.177(d)(4)(i); and,

    d. failing to provide employees with, and/or ensure the use of, an in-line valve with pressure gauge or pre-settable regulator for inflating tires on rim wheels in violation of 29 CFR § 1910.177(d)(4)(ii).

23. As a direct and proximate result of LST's knowing, reckless and negligent conduct carried out by defendant LST with a conscious, reckless and outrageous indifference to the health, safety and welfare of others, Plaintiff and her decedent suffered the injuries described herein.

## COUNT II
### (Negligence – Larry Strickland Logging, L.L.C. ("LSL"))

24. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

25. At all times relevant hereto, LSL was engaged in timbering operations on the Site, and was responsible for maintaining, monitoring, supervising and controlling the Site at all relevant times. Additionally, LSL had a non-delegable duty to provide Mr. Brewster and other persons and invitees at the Site with the exercise of ordinary care for the safety of all persons at the Site. Finally, LSL had a duty to exercise reasonable care in the selection and retention of entities performing work at the Site, and owed a duty to provide a reasonably safe workplace with safe and proper equipment.

26. LSL knowingly, recklessly and/or negligently breached these duties by, among other things,

    a. Permitting the use of the Compressor despite the fact that it lacked multiple safety controls required by federal law;

    b. Failing to ensure that all workers engaged with the logging operation on the Site had proper training to complete the tasks they were performing;

    c. Failing to identify and remedy the defect in the compressor;

    d.    Failing to ensure that LST acted as a reasonable and prudent trucking company in providing a safe operation and work environment;

    e.    Failing to ensure that SFP acted as a reasonable and prudent service company to provide maintenance services on the Site; and,

    f.    Failing to retain, contract and/or engage reasonable and prudent companies to perform the tasks on the Site.

27. As a direct and proximate result of LSL's knowing, reckless and negligent conduct carried out by defendant LSL with a conscious, reckless and outrageous indifference to the health, safety and welfare of others, Plaintiff and her decedent suffered the injuries described herein.

## COUNT III
### (Negligence – Strickland Forest Products LLC ("SFP"))

28. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

29. SFP provided safety and other support services to both LST and LSL. As such, SFP owed a duty to provide LST employees, including Mr. Brewster, with safe equipment, as well as to adopt and implement safe workplace procedures for the use of equipment provided by SFP and known to be used by employees of LST and others on the site.

30. SFP knowingly, recklessly and/or negligently breached these duties by, among other things:

    a. Making the Compressor available for use in inflating tires on rim wheels despite it lacking a clip-on chuck in violation of 29 CFR § 1910.177(d)(4)(i);

    b. Making the Compressor available for use in inflating tires on rim wheels despite it lacking an in-line valve with pressure gauge or pre-settable regulator in violation of 29 CFR § 1910.177(d)(4)(ii);

    c. Failing to ensure that users of the Compressor were adequately trained in the procedures and hazards associated with inflating tires on rim wheels;

    d. Failing to monitor the use of equipment it knew was set to inflate tires well above the permitted psi; and,

  e. Failing to restrict access to dangerous and unguarded equipment.

31. As a direct and proximate result of SFP's knowing, reckless and negligent conduct carried out by defendant SFP with a conscious, reckless and outrageous indifference to the health, safety and welfare of others, Plaintiff and her decedent suffered the injuries described herein.

## COUNT IV
### (Loss of Consortium – All Defendants)

32. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

33. As a further direct and proximate result of the Defendants' conduct as described herein, Shannon Brewster has been deprived of the society, companionship and consortium of her husband, Mr. Brewster

  **WHEREFORE**, Plaintiff demands judgment against the Defendants for:

  a. an amount of compensatory damages determined by a jury according to the laws of the State of West Virginia;

  b. an amount of punitive damages determined by a jury according to the laws of the State of West Virginia;

  c. costs and attorney fees expended in prosecution of this matter;

  d. pre-judgment and post-judgment interest as provided under the law; and

  e. any and all other relief to which the Court deems plaintiff is entitled.

PLAINTIFF DEMANDS A JURY TRIAL.

              SHANNON BREWSTER,
              Individually and as Administratrix of the
              ESTATE OF ALAN E. BREWSTER,
              By Counsel,

*/s/* D. Blake Carter, Jr.
D. Blake Carter, Jr. (WVSB #9970)
David A. Bosak (WVSB #11947)
BAILEY, JAVINS & CARTER, L.C.
213 Hale Street
Charleston, WV 25301
Phone: (304) 345-0346 Fax: (304) 720-9167
jrcarter@bjc4u.com
dbosak@bjc4u.com
*Counsel for Plaintiff*