```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

SHANNON BREWSTER as
Administratrix of the Estate
of ALAN E. BREWSTER,

       Plaintiff,

v.                              Civil Action No. 2:24-cv-00096

LARRY STRICKLAND TRUCKING LLC,
L & L EXCAVATING AND LAND
CLEARING, LLC, and
STRICKLAND FOREST PRODUCTS, LLC

       Defendants.

## ORDER

Pending is Plaintiff's Motion for Leave to Place the Attached Exhibit B Regarding the Proposed Distribution of Settlement Proceeds Under Seal (ECF No. 22), filed July 24, 2024. Plaintiff filed a memorandum in support (ECF No. 23) on July 24, 2024, arguing that sealing was appropriate because "the settlement is contingent on the preservation of its confidentiality." Pl.'s Mem. Supp. at 1. Thereafter the court entered an order (ECF No. 25) on July 30, 2024, in which it stated that "the mere assertion that the settlement is contingent upon its confidentiality [is] insufficient to comply with the common law and First Amendment requirements of open

court proceedings," and granting the parties until August 9, 2024, to give additional support for the motion to seal.

Defendant Strickland Forest Products joined plaintiff's motion and filed a Memorandum in Support of Plaintiff's Motion to Seal (ECF No. 26) on August 9, 2024. Strickland Forest Products merely repeats the reasoning that "[t]he settlement was conditioned upon confidentiality of its terms, to which all parties agreed," and provides no additional reason as to why the settlement agreement should be sealed. Def.'s Mem. Supp. at 2.

The critical issue, overlooked by the parties, is that this is a wrongful death case involving minor beneficiaries. This distinguishes this action from the two local cases cited by them, involving adults, Adkins v. Appalachian Power Co., No. 3:21-cv-00164, 2022 WL 1096627 (S.D.W. Va. Apr. 12, 2022) (Chambers, J.), and Dilliner v. General Motors, LLC., No. 2:19-cv-00415, 2021 WL 665531 (S.D.W. Va. Feb. 19, 2021) (Goodwin, J.). Here, where there are minor beneficiaries, the court's role is more pronounced.

In Goesel v. Boley International (H.K.), Ltd., 738 F.3d 831, 835 (7th Cir. 2013), Judge Posner rejected motions to maintain the seal on two settlement agreements where, as here, the parties did not attempt to supply a reason for sealing the

amount or terms of the settlement sufficient to rebut the presumption of public access to judicial records, and the settlement involved the rights of a minor beneficiary. Judge Posner's conclusion in that case is equally applicable here:

> In neither case have [the parties] offered any reason for secrecy except that they have a confidentiality agreement. Obviously that's insufficient . . . . [B]ecause there is potential public value to disclosing settlement terms, including amount, parties <u>have</u> to give the judge a reason for not disclosing them – and the fact that they don't want to disclose is not a reason.

<u>Id.</u> (emphasis in original) (citation omitted).

It is proper to redact the names of the minor beneficiaries, but not the amounts of the settlement.

Because the parties have failed to supply a legitimate reason for sealing the settlement agreement that rebuts the presumption of public access to open court proceedings, it is hereby ORDERED that Plaintiff's Motion for Leave to Place the Attached Exhibit B Regarding the Proposed Distribution of Settlement Proceeds Under Seal (ECF No. 22) is DENIED, except that names of the minor beneficiaries and their relation to the decedent are to be redacted. The court will supply a redacted version to the Clerk, who is directed to file that document on the public record.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: August 22, 2024

_____
John T. Copenhaver, Jr.
Senior United States District Judge