IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

SHANNON BREWSTER, as Administratrix
of the ESTATE OF ALAN E. BREWSTER,

    Plaintiff,

    v.                                              Civil Action No.: 2:24-cv-00096
                                                      Honorable John T. Copenhaver, Jr.

LARRY STRICKLAND TRUCKING LLC,
an Ohio Limited Liability Company,
L & L EXCAVATING AND LAND CLEARING, LLC,
an Ohio Limited Liability Company, and
STRICKLAND FOREST PRODUCTS, LLC
an Ohio Limited Liability Company,

    Defendants.

**ORDER GRANTING PETITION TO COMPROMISE AND SETTLE
<u>WRONGFUL DEATH CLAIM</u>**

On this day came the Petitioner, Shannon Brewster, as Administratrix of the Estate of Alan E. Brewster, deceased (hereinafter "Petitioner"), by and through counsel, D. Blake Carter, Jr., and Bailey, Javins & Carter, LC, and Respondent Defendants Strickland Forest Products, LLC, by and through counsel Michelle Baldwin and Dickie, McCamey & Chilcote, LC, and Defendant Respondent Larry Strickland Trucking, LLC, by and through Sharon Hall and Zimmer Kunz, and petitioned this Court for an Order approving a settlement of the wrongful death claim on behalf of the Estate against Respondents, including, but not limited to, Defendant respondents and any and all of their agent(s), employee(s), representative(s), assign(s), predecessor(s)/successor(s) in interest, parent company(ies), subsidiary(ies), shareholder(s), manager(s), officer(s), director(s) and/or other affiliated company(ies) (hereinafter "Respondents"). As such, as a result of the pleadings and testimony provided, the Court hereby FINDS as follows:

1. On May 17, 2022, Alan E. Brewster died after injuries sustained while employed by and working for Larry Strickland Trucking.

2. Petitioner was duly appointed as the Administratix of the Estate of Alan E. Brewster (hereinafter "Estate") on August 8, 2022, by the County Commission of Kanawha County, West Virginia, and is acting as such at this time.

3. To pursue the claims of the Estate and the individual claims herein, Petitioner retained the law firm of Bailey, Javins & Carter, LC, by Forty Percent (40%) contingent fee agreement to pursue a wrongful death case.

4. A proposed settlement of the policy limits of One Million Dollars ($1,000,000.00) has been reached with Respondents.

5. Petitioner, by and through counsel, has negotiated a settlement of the Estate's claims against Respondents.

6. That the said Alan E. Brewster, deceased, was survived by the following:

| | |
|---|---|
| Shannon Brewster: | wife of decedent |
| Freddie Brewster | brother of decedent |
| Stephanie Brewster | sister of decedent |
| Jade Petrey | stepdaughter of decedent |
| S.B. | minor child of decedent |
| T.B. | minor child of decedent |
| U.B. | minor child of decedent |

7. That none of Alan E. Brewster's surviving statutory beneficiaries are known to the Petitioner to be incarcerated or mentally incompetent.

8. That Alan E. Brewster died intestate.

9. That the Petitioner provided proper notice of this settlement and hearing date. Consents to the settlement distribution have been provided to the Court with the Amended Petition [ECF30].

10. Petitioner has stated that she believes that the settlement is in the best interest of the Estate as this matter is contested and the jury could find in favor of Respondents.

11. The respective proportionate split of the settlement proceeds has been offered as sixty percent (60%) to the Petitioner, the widow of the decedent, and forty percent (40%) to the 3 minor children, which will be placed into separate structured annuities for the benefit of each minor child in accordance with the terms as outlined as follows:

Gross Total Amount of Settlement……………………………………..……………$1,000,000.00

### PROPOSED GROSS ALLOCATION

60 PERCENT TO SHANNON BREWSTER ---------------------------------------- $600,000.00
40 PERCENT TO 3 MINOR CHILDREN UB, TB, SB----------------------------------$400,000.00

### REDUCTIONS

Attorney's fees:
    40% on Shannon Brewster ------------------------------------------------------ $240,000.00
    25% (reduced from 40%) for minors ---------------------------------------- $100,000.00

Distribution to adult stepchild of $25,000 (60% from Shannon Brewster)
                                      (40% from 3 minors)

Repayment to Ohio BWC for subrogation (Reduced from $582,080.34)-------------- $125,000.00
    60% from Shannon Brewster Gross
    40% from minors' Gross

### NET RECOVERY

Shannon Brewster ------------------------------------------- $270,000.00
Minor U.B. ---------------------------------------------------- $80,000.00
Minor T.B. ---------------------------------------------------- $80,000.00
Minor S.B. ---------------------------------------------------- $80,000.00

The payment to the minors has been proposed in the form of structured annuities as described below:

Description of Periodic Payments

In addition to payments made at the time of settlement, Eastern Atlantic Insurance Company ("Assignor") has offered to pay or cause to be paid the future Periodic Payments as outlined below. The total combined current value or cost to Assignor to provide for the schedule of future periodic payments is $240,000.00:

**Periodic Payments:** $80,000.00 is the cost to Assignor to provide for the schedule of future periodic payments outlined below. Disclosure of this cost has been required as a condition of settlement. No part of the cost being paid by Assignor to provide funding for the schedule of future periodic payments may be paid directly to Plaintiff(s) or their attorneys, since the parties negotiated for a structured settlement as being in the best interest of U.B., a minor. Assignor agrees to pay, or cause to be paid, future periodic payments according to the schedule as follows ("Periodic Payments"):

To U.B. ("Payee"):

$400.00 payable monthly, guaranteed for 19 year(s) and 10 month(s), beginning on December 22, 2027, with the last guaranteed payment on September 22, 2047.

$8,000.00 guaranteed lump sum payable on December 22, 2024 (at age 18).

$8,000.00 guaranteed lump sum payable on December 22, 2025 (at age 19).

$8,049.65 guaranteed lump sum payable on December 22, 2026 (at age 20).

**Periodic Payments:** $80,000.00 is the cost to Assignor to provide for the schedule of future periodic payments outlined below. Disclosure of this cost has been required as a condition of settlement. No part of the cost being paid by Assignor to provide funding for the schedule of future periodic payments may be paid directly to Plaintiff(s) or their attorneys, since the parties negotiated for a structured settlement as being in the best interest of S.B., a minor. Assignor agrees to pay, or cause to be paid, future periodic payments according to the schedule as follows ("Periodic Payments"):

To S.B. ("Payee"):

$20,000.00 guaranteed lump sum payable on June 12, 2035 (at age 18).

$20,000.00 guaranteed lump sum payable on June 12, 2036 (at age 19).

$20,000.00 guaranteed lump sum payable on June 12, 2037 (at age 20).

$20,000.00 guaranteed lump sum payable on June 12, 2038 (at age 21).

$40,000.00 guaranteed lump sum payable on June 12, 2042 (at age 25).

$39,735.96 guaranteed lump sum payable on June 12, 2047 (at age 30).

**Periodic Payments:** $80,000.00 is the cost to Assignor to provide for the schedule of future periodic payments outlined below. Disclosure of this cost has been required as a condition of settlement. No part of the cost being paid by Assignor to provide funding for the schedule of future periodic payments may be paid directly to Plaintiff(s) or their attorneys, since the parties negotiated for a structured settlement as being in the best interest of T.B., a minor. Assignor agrees to pay, or cause to be paid, future periodic payments according to the schedule as follows ("Periodic Payments"):

To T.B. ("Payee"):

$20,000.00 guaranteed lump sum payable on April 12, 2037 (at age 18).

$20,000.00 guaranteed lump sum payable on April 12, 2038 (at age 19).

$20,000.00 guaranteed lump sum payable on April 12, 2039 (at age 20).

$20,000.00 guaranteed lump sum payable on April 12, 2040 (at age 21).

$40,000.00 guaranteed lump sum payable on April 12, 2044 (at age 25).

$59,251.81 guaranteed lump sum payable on April 12, 2049 (at age 30).

All sums set forth herein constitute damages on account of personal physical injuries or physical sickness within the meaning of Internal Revenue Code Section 104(a)(2). This settlement is intended to conform to the requirements of Internal Revenue Code Section 130(c), and all provisions of this settlement should be construed in a manner so as to effectuate this intent.

Assignor will assign their obligation to make the Periodic Payments to Pacific Life & Annuity Services, Inc. ("Assignee") in accordance with Internal Revenue Code Section 130(c). Assignor, itself or through its Assignee, will fund the liability to make the Periodic Payments through the purchase of an annuity policy from Pacific Life Insurance Company ("Annuity Issuer"), rated A+ XV by A.M. Best. Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. Assignee may have Annuity Issuer mail payments directly to Payee. Plaintiff(s) shall be responsible for maintaining a current mailing address for Payee with Assignee and Annuity Issuer.

To fund the purchase of the Periodic Payments, Assignor will issue a check(s) in the total combined amount of $240,000.00 payable to Pacific Life & Annuity Services, Inc. (tax id# 91-2025652), and will execute the Qualified Assignment document as required by the Assignee and Annuity Issuer to issue policy.

All guaranteed Periodic Payments are guaranteed whether or not Payee survives the payment schedule. Any Periodic Payments to be made after the death of Payee shall be made to the estate of the Payee ("Beneficiary"). After the age of majority, Payee shall have the right to submit a request to change the Beneficiary by filing a written request with Assignee and Annuity Issuer. The change will be effective when approved by both Assignee and Annuity Issuer. Any change in Beneficiary shall not in any way affect or alter any provision of this agreement.

12. Guardian ad litem William Pepper reviewed the terms of the proposed settlement and filed an Answer with the Court approving of the settlement on behalf of the three (3) minor children, S.B., T.B. and U.B. [ECF 31].

13. The monetary sum in the amount of $1,000,000.00, representing a settlement of the claim(s) raised against Respondents, is believed to be fair and reasonable and all potential beneficiaries, takers, and distributees, believes that the same should be accepted for the following reasons:

    a. The amount of money to be paid to Petitioner, on behalf of the Estate, for herself, for the potential beneficiaries, takers and claimants to this settlement, and for the potential claimants as a result of the wrongful death claim of the Estate is a substantial remedy and amount of money, and your Petitioner is of the opinion that it is the best offer and amount that can be obtained from Respondents given the presently known insurance coverage, in view of the circumstances of the subject incident, the disputed liability and cause of death, and all investigation undertaken to date; and

    b. That it is in the best interest of the potential beneficiaries, takers and claimants to this settlement, and the potential claimants for the wrongful death claim of the Estate to accept said settlement amount from Respondents and/or Respondents'

        insurer(s), in view of the risks a trial by jury present and considering the strengths and weaknesses of said action.

    c.    That upon agreement of all parties, the settlement entered into between the above-referenced Petitioner and Respondents as named herein was entered into in good faith, as that term is defined, and had been interpreted, in the cases of *The Bd. Of Educ. Of McDowell Cty. v. Zando, Martin & Milstead, Inc.* 390 S.E.2d 796 (W.Va. 1990); *Cline v. White,* 393 S.E.2d 923 (W.Va. 1990); *Smith v. Monongalia Power Co.,* 429 S.E.2d 643 (W.Va. 1993); and *Dunn v. Kanawha Cty. Bd. of Educ.,* 459 S.E.2d 151 (W.Va. 1995).

14. Counsel for Petitioner has agreed to reduce the portion of his legal fee pertaining to the settlement apportionment of the minor children from Forty percent (40%) to Twenty-Five percent (25%) which the Court does hereby approve and find the total fee, inclusive of case costs, to be fair and reasonable.

15. The Court finds that the settlement was made in good faith and is in the best interest of the Estate as this matter is contested and the jury could find in favor of the Respondents and against the Petitioner were the case to go to trial, as Petitioner has asserted that she has been afforded proper and learned legal advice in this matter and on behalf of the Estate of Alan Brewster and believes this settlement amount to be just, fair, and equitable under the circumstances; that she was not coerced, unduly influenced, or induced to enter into the settlement; and she respectfully requested this Court to approve and ratify the settlement, the disbursement thereof, and grant her permission to execute all settlement documents to consummate the settlement of this matter.

16. The Court hereby approves the settlement and proposed distribution and directs the Petitioner to execute the necessary settlement documents including a release and dismissal order of any other claims she, the Estate of Alan Brewster, or the heirs of the Estate may have against these Respondents related to the death of Alan Brewster with the understanding that she and the Estate are forever barred and may no longer pursue or attempt to pursue any legal action for claims, whether known or not, as it relates to the death of the Petitioner's decedent.

WHEREFORE, it appearing to the Court that this settlement is appropriate, Petitioner's Amended Petition to Compromise and Settle Wrongful Death Claim and for Approval of Distribution of Settlement Proceeds is hereby GRANTED. It is further ORDERED that Respondents pay the sum of Four Thousand Three Hundred Eighty Dollars ($4,380.00) to William Pepper, guardian *ad litem* for minor children T.B., S.B. and U.B., having incurred 14.6 hours of time in investigating this matter and preparing his Answer to the Court.

**IT IS SO ORDERED.**

The Clerk is directed to transmit a copy of this order to counsel of record herein.

ENTER: **September 17, 2024**

```
John T. Copenhaver, Jr.
Senior United States District Judge
```